UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL F. GARCIA, | No. 2:17-cv-2529 TLN KJN P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| DAVID BAUGHMAN, | |
| Respondent. | |

I. Introduction

Petitioner is a state prisoner, proceeding without counsel. Petitioner challenges a 2016 prison disciplinary. Respondent moves to dismiss for failure to state a cognizable habeas claim. Petitioner filed an opposition. No reply was filed. As set forth below, the undersigned recommends that the motion to dismiss be granted, and this action be dismissed without prejudice.

II. Background

Petitioner is serving an indeterminate sentence of 25 years to life in state prison.[1] (ECF No. 1 at 2.) On May 13, 2016, petitioner was found guilty of a prison disciplinary violation, constructive possession of a cell phone, and assessed a 90-day loss of custody credit. (ECF No. 2

---

[1] In 1984, petitioner was convicted of first degree murder, assault with a deadly weapon, attempted robbery, and grand theft auto. (ECF No. 10-1 at 2-3.)

1

at 33-40.) Petitioner challenged the prison disciplinary conviction through all three levels of administrative review. (ECF No. 10-4 at 37-45.)

Subsequently, petitioner filed petitions for writs of habeas corpus in the Sacramento County Superior Court, the California Court of Appeal, and the California Supreme Court; all of these petitions were denied. (ECF No. 2 at 50-56.) See also In re Raul Garcia on Habeas Corpus, No. C084256 (Cal. Ct. Appeal, 3rd Dist. April 3, 2017); Garcia (Raul) on Habeas Corpus, No. S242055 (Cal. Aug. 9, 2017).[2]

On December 1, 2017, petitioner filed the instant petition, arguing that the disciplinary hearing officer failed to conduct the hearing using the "constructive possession" test, violating petitioner's due process rights, and there was not "some evidence" to support the guilty finding. (ECF No. 2 at 21-26.)

III. Motion to Dismiss

A. Legal Standards

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Id. The Court of Appeals for the Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991). Accordingly, the court reviews respondent's motion to dismiss pursuant to its authority under Rule 4.

In light of petitioner's challenges to a prison disciplinary conviction, the following legal standards are also applicable.

////

---

[2] Respondent's request for judicial notice (ECF No. 10 at 2 n.1) is granted. The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites. Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). It is appropriate to take judicial notice of the docket sheet of a California court. White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010). The address of the official website of the California state courts is www.courts.ca.gov.

It is well established that prisoners subjected to disciplinary action are entitled to certain procedural protections under the Due Process Clause, although they are not entitled to the full panoply of rights afforded to criminal defendants. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974); see also Superintendent v. Hill, 472 U.S. 445, 455-56 (1985); United States v. Segal, 549 F.2d 1293, 1296-99 (9th Cir.) (observing that prison disciplinary proceedings command the least amount of due process along the prosecution continuum), cert. denied, 431 U.S. 919 (1977).

A prisoner is entitled to advance written notice of the charges against him as well as a written statement of the evidence relied on by prison officials and the reasons for the disciplinary action. See Wolff, 418 U.S. at 563. A prisoner also has a right to a hearing at which he may "call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." Id. at 566; see also Ponte v. Real, 471 U.S. 491, 495 (1985). An investigative officer may be required to assist prisoners who are illiterate or whose case is particularly complex. Wolff, 418 U.S. at 570. The disciplinary hearing must be conducted by a person or body that is "sufficiently impartial to satisfy the Due Process Clause." Id. at 571. Finally, the decision rendered on a disciplinary charge must be supported by "some evidence" in the record. Hill, 472 U.S. at 455.

In Nettles, the Ninth Circuit Court of Appeals held that "if a state prisoner's claim does not lie at 'the core of habeas corpus,' it may not be brought in habeas corpus but must be brought, 'if at all,' under § 1983[.]" Nettles, 830 F.3d at 931, 934 (citations omitted). In Nettles, the court found that success on the merits of the petitioner's challenged disciplinary proceeding would not necessarily impact the fact or duration of his confinement, and therefore his challenge did not fall within "the core of habeas corpus." Id. The court reasoned that "[s]uccess on the merits of Nettles' claim would not necessarily lead to immediate or speedier release because the expungement of the challenged disciplinary violation would not necessarily lead to a grant of parole." Nettles, 830 F.3d at 934-35. However, the court left open the possibility that petitioner's claims could be brought in a civil rights action under 42 U.S.C. § 1983.

////

////

B. The Parties' Positions

Respondent argues that petitioner's claims are not cognizable on federal habeas review because they do not implicate the fact or duration of his confinement. (ECF No. 10 at 2.) Petitioner is serving a sentence of 25 years to life in prison and will be released when the California Board of Parole Hearings ("Board") determines that he no longer poses an unreasonable risk of danger to public safety. Therefore, respondent argues that expunging the prison disciplinary and restoring petitioner's lost custody credits will not necessarily result in a shorter period of incarceration. Respondent contends that petitioner's challenge is similar to the prisoner in Nettles v. Grounds, 630 F.3d 922 (9th Cir. 2016) (en banc), and therefore should be dismissed.

In opposition, petitioner contends that the circumstances of Nettles differs substantially from petitioner's case. Petitioner argues that the Ninth Circuit did not conclude that the habeas claim did "not fall within the core of habeas corpus" simply because Nettles did not have a fixed release date from prison. Rather, the court noted Nettles' extensive disciplinary history, the nature of Nettles' commitment offense, Nettles' extensive criminal history, and a range of factors reflecting Nettles' future dangerousness, including his inability to learn from prior imprisonments, lack of insight and remorse, and his argumentative and stubborn attitude. (ECF No. 14 at 4.) By contrast, petitioner argues that he has been incarcerated since he was 16, does not have an extensive prior criminal history; has demonstrated insight and remorse; has established a parole plan, a relapse plan, and has many letters in support of his release; has attained a high school diploma and computer literacy certificate; and is enrolled in several rehabilitative programs. (ECF No. 14 at 4.) Petitioner contends that the sole reason left for finding petitioner unsuitable for parole is the prison disciplinary at issue in this case. Finally, petitioner argues that habeas review is also appropriate because he is now denied "annual postconviction credit" under 15 C.C.R. § 2410(a). (ECF No. 14 at 5.)

D. Discussion

Petitioner's efforts to distinguish Nettles are unavailing. The Ninth Circuit has squarely rejected petitioner's argument that a prison disciplinary conviction affects an inmate's parole

eligibility. Nettles. In California, parole is at the discretion of the Board. Nettles, 830 F.3d at 935. When considering whether to grant parole, a prison disciplinary is just one of several factors the Board considers. Id. Thus, even though petitioner's situation may be materially different from the prisoner in Nettles, there are numerous other factors the Board takes into account before granting parole. Cal. Code Regs. tit. 15, § 2281 (information and circumstances considered in determining parole suitability). While petitioner lists a number of factors he believes he has met, and is commended for such actions, it is unclear whether the Board might rely on other factors to deny parole, or whether the Board might believe petitioner needs more time in the programs previously required by the Board. Indeed, the Board may deny or grant parole regardless of whether a prisoner has a prison disciplinary conviction, or the number of such convictions. See Nettles, 830 F.3d at 935. Thus, because an expungement of the prison disciplinary conviction does not guarantee an earlier release from prison, such claims do not fall within "'the core of habeas corpus,'" making the claims not cognizable in habeas. Id. (citation omitted).

Petitioner fails to demonstrate that his term of incarceration will be shortened or terminated if he is successful on his federal due process claims. Nothing in the petition and exhibits suggests that petitioner, who is serving a sentence of 25 years to life, would serve a shorter sentence in the absence of the 90-day credit loss imposed as a result of his disciplinary conviction. "If the invalidity of the disciplinary proceedings, and therefore the restoration of good-time credits, would not necessarily affect the length of time to be served, then the claim falls outside the core of habeas and may be brought in § 1983." Nettles, 830 F.3d at 929 (fn. omitted) (citing Muhammad v. Close, 540 U.S. 749, 754-55 (2004)).[3]

Petitioner's challenge under California Code of Regulations § 2410 (ECF No. 14 at 4-5) fails for the same reason. Whether or not petitioner is granted the credits due under prison regulations, his release on parole hinges on the Board's review of multiple factors, rendering

---

[3] "[W]here. . . a successful § 1983 action would not necessarily result in an earlier release from incarceration. . . the favorable termination rule of Heck and Edwards does not apply." Ramirez v. Galaza, 334 F.3d 850, 858 (9th Cir. 2003) (citing Heck v. Humphrey, 512 U.S. 477, 483, 486-87 (1994), and Edwards v. Balisok, 520 U.S. 641, 644 (1997)). Thus, petitioner may seek § 1983 relief on his claims.

5

habeas relief unavailable. Nettles, 830 F.3d at 929.

Accordingly, the undersigned finds that respondent's motion to dismiss should be granted because this action may not proceed in habeas corpus but may, potentially, proceed only under 42 U.S.C. § 1983.

Therefore, the next question is whether the instant petition should be construed as a civil rights complaint. "A district court may construe a petition for habeas corpus to plead a cause of action under § 1983 after notifying and obtaining informed consent from the prisoner." Nettles, 830 F.3d at 936. "'If the complaint is amenable to conversion on its face, meaning it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the pro se litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint.'" Id. (quoting Glaus v. Anderson, 408 F.3d 382, 388 (7th Cir. 2005)).

The undersigned finds that it would be inappropriate to construe the instant petition as a civil rights complaint. The claims presented in the instant petition use "habeas corpus" terminology. The petition does not name or otherwise identify a proper civil rights defendant. Although it appears petitioner exhausted his administrative remedies prior to filing the instant action as required under 42 U.S.C. § 1997e(a), petitioner should be accorded the opportunity to consider the potential impact of obtaining in forma pauperis status on his claims in a civil rights case, as it may impact his eligibility for in forma pauperis status in future cases. See 28 U.S.C. § 1915(g) (prohibiting in forma pauperis status to prisoners who have had three or more cases dismissed as frivolous, malicious or for failure to state a claim).

Finally, if petitioner chooses to pursue a civil rights action, the filing fee for § 1983 actions is $400.00. If granted in forma pauperis status, petitioner would be required to pay a $350.00 filing fee by way of deductions from petitioner's inmate trust account. See 28 U.S.C. § 1915(b)(1). If petitioner is not granted in forma pauperis status, he would be required to pay the court's $400.00 full filing fee.

For all of these reasons, the undersigned finds that the instant petition fails to state a cognizable claim for habeas relief, and respondent's motion to dismiss should be granted.

Further, the court finds that it is inappropriate to construe the instant petition as a civil rights complaint. Dismissal of this action without prejudice will allow petitioner, at his discretion, to decide whether to pursue his claims in a new civil rights action.

V. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's request for judicial notice (ECF No. 10 at 2 n.1) is granted;

2. The Clerk of the Court shall send petitioner the form for filing a civil rights action and an application to proceed in forma pauperis; and

IT IS RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 10) be granted; and

2. This action be dismissed without prejudice to filing a civil rights action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 23, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/garc2529.mtd.hc.rvr